# EXHIBIT A

ORIGINAL  General Civil Case Filing Information Form (Non-Domestic)

Court: ☒ Superior ☐ State
County: MUSCOGEE
Date Filed: 08/22/2011
Docket #: SU11CV3029-05

FILED IN OFFICE
2011 AUG 22 PM 12:53
LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

**Plaintiff(s)**
Dixon, Yvonne
Edwards, Rose
George, Zelinda D.
Griggs, Janet
Matthew, Catherine
Mullins, Tanyetta

**Defendant(s)**
New Horizons Community Service Board

No. of Plaintiffs: 6
No. of Defendants: 1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se
Klein, Daniel M.
Bar #: 425037

**Check Primary Type (Check only ONE)**
☒ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgment Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☐ Tort (If tort, fill in right column)
☐ Other General Civil Specify _____

**If Tort is Case Type:** (Check no more than TWO)
☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify _____

Are Punitive Damages Pleaded? ☐ Yes ☐ No

**ORIGINAL**

SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| YVONNE DIXON, ROSE EDWARDS, ZELINDA D. GEORGE, JANET GRIGGS, CATHERINE MATTHEW, and TANYETTA MULLINS, | CIVIL ACTION FILE NO.: SU11CV3029.05 |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| NEW HORIZONS COMMUNITY SERVICES BOARD, | |
| Defendant. | |

## COMPLAINT

Plaintiffs, Yvonne Dixon ("Dixon"), Rose Edwards ("Edwards"), Zelinda D. George ("George), Janet Griggs ("Griggs"), Catherine Matthew ("Matthew"), and Tanyetta Mullins ("Mullins"), on behalf of themselves and others similarly situated, assert the following claims against Defendant, New Horizon Community Services Board:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over the parties to this lawsuit and the claims set forth in the Complaint.

2.

Muscogee County is a proper venue for Plaintiff Crowe's claims, as the Defendant resides in Muscogee County, and all or substantially all of the unlawful conduct from which this case arises occurred in Muscogee County.

## THE PARTIES

3.

Defendant is a Georgia Community Service Board. Defendant provides health care and related services to individuals residing in the vicinity of Columbus, Georgia.

4.

Plaintiffs and the class they represent are current or former employees of Defendant. Plaintiffs and the class they represent were health care workers subject to Defendant's "Payment of Overtime" policy, which is also known as "Human Resources Policy No. 305 (effective January 2003)."

5.

Defendant is subject to the jurisdiction of this Court and may be served with process by delivering process to Sherman K. Whitfield, Executive Director, 2100 Comer Blvd, Columbus, GA.

## THE UNDERLYING FACTS

6.

At all times relevant to this lawsuit, Defendant adopted a work schedule under which its health care workers worked seven shifts over a two-week period, with each shift lasting 12 hours.

7.

Under this schedule, in any given week, half of Defendant's health care workers would work three shifts, while the other half would work four shifts. The following week, the health care workers would switch: those who had worked three shifts in the preceding week would work four shifts, while those who worked four shifts in the preceding week would work three shifts.

8.

Since shifts were 12 hours long, each health care worker would work 36 hours in a week with three shifts and 48 hours in a week with four shifts. Over a

two week period, the health care workers would work a total of 84 hours (seven shifts).

9.

Under its "Payment of Overtime" policy, Defendant provided employees who worked overtime with "comp time"—that is, paid time off—rather than overtime pay.

10.

Under its "Payment of Overtime" policy, Defendant agreed that health care workers "must receive one and one-half time (in comp time) for hours over 8 in any workday or over 80 in the 14-day period, whichever is greater."

11.

By its terms, the comp time arrangement contained in Defendant's "Payment of Overtime Policy" gave rise to a contractually binding obligation. The Payment of Overtime Policy stated, "Non-exempt employees must also agree to this arrangement. Agreement is implicit in the employee's acceptance of the position." Accordingly, the comp time arrangement was a term of the employment agreement of each health care worker throughout his or her employment.

-4-

12.

Defendant failed to provide comp time in accordance with the Payment of Overtime Policy. It calculated overtime based solely on hours worked beyond 80 in a two-week period. If failed, however, to calculate overtime based on hours worked beyond 8 in a single work day, even though this calculation produced a larger number of hours and the Policy required application of whichever formula produced a greater number of hours.

13.

By using only the health care workers' hours over two weeks to calculate overtime, Defendant credited each such worker with 4 hours of overtime every two weeks when they should have credited 28 hours of overtime. As a result, each health care worker received 6 hours of comp time every two weeks, but should have received 44 hours.

14.

Over the course of a year, each health care worker who worked 50 weeks was shortchanged by a total of 950 hours of comp time.

## CLASS ACTION ALLEGATIONS

15.

Plaintiffs incorporate and re-allege the allegations contained in all of the preceding paragraphs.

16.

This class action is for the misapplication of a provision in an employment contract between the Defendant and each of the members of the class. The language of the provision is identical for each class member and the misinterpretation of the contractual provision is identical for each class member.

17.

Plaintiffs bring this Class Action, pursuant to O.C.G.A. § 9-11-23, seeking money damages for themselves and for the class of persons consisting of all past, current and future employees who have been or will be subject to the "Overtime and 14-day work period provision of Defendant's "Payment of Overtime Policy" (January 2003).

18.

Pursuant to O.C.G.A. § 9-11-23, Plaintiffs respectfully seek certification of the following class:

All past, current and future employees who have been or will be subject to the "Overtime and 14-day work period" provision of Defendant's "Payment of Overtime Policy."

19.

Plaintiffs reserve the right to amend the description of the Class following discovery.

20.

<u>Existence and Predominance of Common Questions of Law and Fact</u>. There are common questions of law and fact common and of general interest to the class. These common questions of law and fact predominate over any questions affecting only individual members of the class. These common questions include, but are not limited to, the following:

21.

a. Whether Defendant's Payment of Overtime policy constitute a contract between Defendant and each of its non-exempt employees.

b. Whether Defendant has failed to calculate overtime using the greater of hours worked over 80 in a 14-day period or hours worked over 8 in a work day, as required under the Payment of Overtime policy.

22.

Typicality. The claims of the named Plaintiffs are typical of the claims of the class. The claims arise out of Defendants' pattern and practice of non-payment of wages earned by Plaintiffs and members of the class and Defendants' improper, unauthorized and illegal premium charge for purported "medical malpractice" coverage. The named Plaintiffs will litigate the common questions identified above and their claims are typical of the Class. Like all Fee For services Class Members, Plaintiffs were injured by Defendants' failure and refusal to pay them. Like all Insurance Class members, Plaintiffs were injured by Defendants' imposition of its mandatory insurance scheme and unlawful premiums in connection therewith.

23.

Adequate Representation. The Plaintiff will fairly and adequately protect the interests of the members of the class and has no interest antagonistic to those of other class members. Plaintiff has retained class counsel competent to prosecute class actions, and is financially able to represent the class.

24.

Superiority. The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all

members of the class is impracticable. The interest of judicial economy favors adjudicating the claims for the Plaintiff classes rather than on an individual basis.

25.

Class action treatment is proper and this action should be maintained as a class action pursuant to O.C.G.A. § 9-11-23 because the prosecution of separate actions by individual members of the class would create a risk of: (1) inconsistent or varying adjudication with respect to individual class members which would establish incompatible standards of conduct for the Defendants as the party opposing the class; and/or (b) adjudications with respect to individual class members which would as a practical matter substantially impair or impede the ability of other members not parties to the adjudications to protect their interests.

26.

Defendants, as the party opposing the class, have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

27.

Questions of law or fact common to the members of the Class predominate over any questions affecting only individual class members, and thus a class action

-9-

is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## BREACH OF WRITTEN CONTRACT

28.

Plaintiff incorporates all of the preceding paragraphs of this complaint.

29.

By failing to provide comp time at the rate of one and one-half hours for all hours worked above 8 in any work day, Defendant breached its written agreement with each Plaintiff.

30.

Each Plaintiff is entitled to recover the dollar value of the comp time that Defendant has wrongfully failed to provide.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the following relief be granted:

(a)  That the Court certify this action as a class action;

(b)  That Plaintiff and all class members receive the value of the comp time denied them;

(c)  That Plaintiff and all class members recover from Defendant reasonable attorney's fees and costs of this action; and

(d)     That Plaintiff and all class members recover such other and further relief as this Court may deem just and equitable.

### JURY DEMAND

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Daniel M. Klein
Georgia Bar No. 425037
dmklein@buckleyklein.com
Steven E. Wolfe
Georgia Bar No. 142441
sewolfe@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

s/ Steven Thomas Sanders
Georgia Bar No. 625696
stsanders@stsanderslaw.com

LAW OFFICES OF STEVEN
THOMAS SANDERS P.C.
Washington Square
800 Dolorosa, Suite 117
San Antonio, Texas  78207
Telephone: (210) 228-0200
Facsimile: (210) 228-0260

Counsel for Plaintiff

IN THE SUPERIOR COURT OF ~~FULTON~~ COUNTY
MUSCOGEE
STATE OF GEORGIA

SU 11CV3029.05

Yvonne Dixon, Rose Edwards,

Zelinda D. George, Janet Griggs,

Catherine Matthew and Tanyetta Mullins

PLAINTIFF

VS.

New Horizons Community Services Board

CIVIL ACTION NUMBER **FILED IN OFFICE**
2011 AUG 22 PM 12:53

M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

c/o Sherman K. Whitfield
Executive Director
2100 Corner Boulevard
Columbus, GA

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Daniel M. Klein
Buckley & Klein, LLP
Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, GA 30309

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __22__ day of __August__, 20__11__.

~~Juanita Hicks~~
Clerk of Superior Court

By _____
Deputy Clerk

To Defendant upon whom this petition is served:

This copy of complaint and Summons was served upon you _____ 20____.

_____ Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

6009-082-685

POSTED

10862485  10862515
10862493  10862604

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. SU11CV3029.05

10862469

Date Filed 08/22/2011

Attorney's address  Daniel M. Klein
Buckley & Klein, LLP
1230 Peachtree Street NE, Suite 900
Atlanta, GA  30309

Name and Address of Party to be Served
New Horizons Community Services Board
c/o Sherman K. Whitfield       7984519
2100 ~~Corner Boulevard~~ Comer Ave.
Columbus, GA

10862507
**SUPERIOR COURT**
MUSCOGEE
**GEORGIA, ~~FULTON~~ COUNTY**

Yvonne Dixon, et al.

10862477

Plaintiff

VS.

New Horizons Community
Services Board

Defendant

FILED IN OFFICE
SEP -7 AM 10:2
LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

**SHERIFF'S ENTRY OF SERVICE**

☐ **PERSONAL**
I have this day served the defendant _____ personally with a copy of the within action and summons.

☐ **NOTORIOUS**
I have this day served the defendant _____ by leaving a copy of the action and summons at his most place notorious place of abode in this county.
Delivered same into hands of _____ described as follows
ago, about_____years; weight, about_____pounds; height, about_____foot and_____inches, domiciled at the residence of the defendant.

☒ **CORPORATION**
Served the defendant New Horizons Community Service Board a corporation
by leaving a copy of the within action and summons with Sherman Whitfield -CEO
in charge of the office and place of doing business of said Corporation in this County.
Summons, Complaint, Breach of Contract

☐ **TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail; First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ **NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This 26 day of Aug 20 11.

C.McCaulley #4388364
C.McCaulley
DEPUTY
1945

SHERIFF DOCKET_____ PAGE 21799 /

WHITE-CLERK; CANARY-PLAINTIFF; PINK-DEFENDANT

6009 – 201 – 1201

# Muscogee County, Georgia

*I do certify that the within and foregoing is a true and correct copy of the document(s) as appears by the original on file and record in the office of the clerk of Muscogee Co, SUPERIOR / STATE Court*

SU-11-CV-3029-05  DIXON  VS. NEW HORIZONS COMMUNITY SERVICES BOARD

COMPLAINT AND SHERIFF'S ENTRY OF SERVICE

22 September 2011

*Deputy Clerk, Muscogee SUPERIOR/STATE Court*

*M. Linda Pierce*
*Clerk of Superior / State Court*
*Muscogee County, Georgia*